UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER EDISON,

    Petitioner,

v.                                         Case No: 2:18-cv-661-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

**OPINION AND ORDER**[1]

    Before the Court is Petitioner's Motion to Strike and Dismiss Pending Motion Under 28 U.S.C. § 2254 (Doc. 15) filed February 19, 2019. Petitioner, who is incarcerated in the Florida Department of Corrections, has pending before the Court a *pro se* Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 8). Respondent filed a Response to the Amended Petition (Doc. 11) on February 1, 2019. Petitioner, requests that the Court "strike and dismiss" his pending § 2254 petition. Doc. 15 at 2.

    The Federal Rules of Civil Procedure are to be applied to habeas proceedings, to the extent that they are consistent with the habeas statutory provisions and habeas rules. Rules Governing Section 2254 Cases, Rule 11. Prior to an answer or motion for summary

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

judgment by the opposing party or upon stipulation, a party may voluntarily dismiss an action without a court order. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, an action may be dismissed upon the plaintiff's request by court order. Fed. R. Civ. P. 41(a)(2). The Court construes the Motion a brought pursuant to Fed. R. Civ. P. 41(a)(2). Respondent filed a response to the Motion and advised the Court that it has no objection to the Court granting Petitioner's Motion. Doc. 17.

Accordingly, it is now

**ORDERED:**

Petitioner's Motion (Doc. 15) construed as a motion to voluntarily dismiss the petition pursuant to Fed. R. Civ. P. 41(a)(2) is **GRANTED** and the Clerk shall enter judgment dismissing the Amended Petition (Doc. 8) without prejudice,[2] terminate any pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of February 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[2] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). The one-year period normally runs from date upon which the conviction became final, see § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. See 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). The time in which a federal habeas petition is pending, however, does not toll the one-year limitation period. See *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (construing 28 U.S.C. § 2244(d)(2)). Therefore, the fact that the instant petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.